UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JEROME BURNHAM,

                Plaintiff,                23 Civ. 906

  -against-

                **COMPLAINT**

NASSAU COUNTY, New York,

                Defendant.
------------------------------------------------------------x

      Plaintiff, JEROME BURNHAM, by and through his attorneys, The Bellantoni Law Firm, PLLC, as and for his Complaint respectfully states:

## NATURE OF THE ACTION

      1.      This is an action for, *inter alia,* presumed compensatory and economic damages caused as a direct result of harms proximately resulting from Nassau County's unlawful, permanent, and uncompensated taking of Plaintiff's personal property without just compensation.

## JURISDICTION AND VENUE

      2.      Jurisdiction in this court is proper pursuant to 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States, and under 28 U.S.C. § 1343(a)(3) in that this action seeks to redress the deprivation, under of color of the laws, statutes, ordinances, regulations, customs, and usages of the State of New York, of rights, privileges or immunities secured by the United States Constitution. This action seeks relief pursuant to 28 U.S.C. §§ 2201, 42 U.S.C. §§ 1983 and 1988. Venue in this district is proper pursuant to 28 U.S.C. § 1391.

1

## THE PARTIES

3. Plaintiff, JEROME BURNHAM, is a natural person and resident of New York State.

4. Defendant, NASSAU COUNTY, New York is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of the State.

## LEGAL FRAMEWORK

5. The Takings Clause of the Fifth Amendment provides, in pertinent part, that no "private property shall be taken for public use, without just compensation." U.S. Const. Amend. V. The clause applies to the states through the Fourteenth Amendment. See *Kelo v. New London*, 545 U.S. 469 (2005).

## MATERIAL FACTS

6. Plaintiff is a citizen of the United States with no prohibitors to the possession of firearms.

7. At all times relevant herein, Plaintiff held, and continues to hold, a valid New York State pistol license ("pistol license").

8. On May 11, 2018, three police officers from the Nassau County Police Department seized Plaintiff's property, to wit, a Smith & Wesson .22 Airlite handgun, and Beretta .45 caliber handgun from his vehicle.

9. Both handguns are lawfully registered to Plaintiff's pistol license, which was restricted to Target Shooting."

10. The only arguable charge that could have been filed against Plaintiff was a violation of § 400.00(15) for carrying a registered handgun outside of his license restriction.

11. The statute of limitations for filing charges against Plaintiff for violating § 400.00(15), a Class A Misdemeanor, expired on May 11, 2020. See, N.Y. C.P.L. § 30.10.

12. No charges were ever filed against Plaintiff.

13. Since that time, Plaintiff has trying, both verbally and in writing, to secure the return of his private property from the Nassau County Police Department.

14. There is no factual or legal bar to the return of Plaintiff's private property.

15. The Nassau County Police Department has ignored Plaintiff's requests for the return of his private property.

16. Nassau County intends to keep Plaintiff's private property without any possibility of its return.

17. Nassau County has not justly compensated Plaintiff for the physical and permanent taking of his private property.

18. Plaintiff has suffered the permanent loss of his private property by Nassau County, New York without receiving just compensation from the county.

19. Under the Fifth Amendment Takings Clause, Nassau County is liable to Plaintiff for the just compensation of his private property, to wit, his Smith & Wesson .22 Airlite handgun, and Beretta .45 caliber handgun or, in the alternative, the immediate return of his Smith & Wesson .22 Airlite handgun, and Beretta .45 caliber handgun.

20. Nassau County is also liable to Plaintiff for the loss of the use and enjoyment of his private property.

COUNT I
U.S. CONST., AMEND. V, 42 U.S.C. § 1983

21. Plaintiff repeats and realleges paragraphs 1 through and including "20" as if fully repeated herein.

22. Under the theory that Nassau County, New York is liable to Plaintiff for violations of his rights as protected by the Fifth Amendment to the United States Constitution. 42 U.S.C. 1983.

WHERFORE, a Judgment and Order is respectfully requested:

- Awarding in favor of Plaintiff, economic damages in the amount equal to just compensation for the taking of his private property by Nassau County, New York;

- Awarding in favor of Plaintiff, presumed compensatory damages in at least a nominal amount for his constitutional violations;

- Awarding in favor of Plaintiff, compensatory damages for the loss of his use and enjoyment of his property;

- Awarding costs, disbursements, and reasonable attorney's fees pursuant to 42 USC 1988; and

- Granting such other, further, and different relief as this Court deems equitable, just, and proper.

Dated:  February 6, 2023
        Scarsdale, New York

THE BELLANTONI LAW FIRM, PLLC
*Attorneys for Plaintiff*

By:   *Amy L. Bellantoni*
      Amy L. Bellantoni (AB3061)
      2 Overhill Road, Suite 400
      Scarsdale, New York 10583
      abell@bellantoni-law.com
